**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WMH TOOL GROUP HONG KONG LIMITED, ) <br> a Hong Kong limited company, ) <br> ) <br>             Plaintiff, ) <br> ) <br>             v. ) <br> ) <br> ILLINOIS INDUSTRIAL TOOL, INC. ) <br> f/k/a Midwest Tool Distribution, ) <br> Inc. d/b/a JMK/IIT, an Illinois ) <br> corporation; LEAP HONG KONG LTD., ) <br> a Hong Kong limited company; LEAP, ) <br> LTD., an Illinois corporation; ) <br> CHRISTOPHER ANTHONY, an individual ) <br> and LANCE ERICSON, an individual ) <br> ) <br>             Defendants. ) | 05 C 1139 |

**MEMORANDUM OPINION & ORDER**

This case is before the court for ruling on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and plaintiff's motion for leave to file a third amended complaint. For the reasons explained below, the court grants plaintiff leave to file its third amended complaint and denies defendants' motion to dismiss as moot.

**BACKGROUND**

In its original and first amended complaints, WMH Tool Group Hong Kong Limited's ("WMH"), a Hong Kong limited company, sued

defendant Illinois Industrial Tool, Inc. ("IIT"), an Illinois
corporation, for the unpaid principal balance due and owing for
products that WMH had sold and delivered to IIT.  Then in
November 2005, WMH filed its second amended complaint, adding
four more defendants: Leap, Hong Kong Limited, a Hong Kong
limited company (Leap HK), Leap Ltd., an Illinois corporation
("Leap Illinois"), and Christopher Anthony and Lance Ericson, two
individual defendants who are citizens of Illinois (the
"Individual Defendants").  Through the second amended complaint,
WMH also added additional counts, including a claim against Leap
HK, Leap Illinois and the Individual Defendants for violation of
the Uniform Fraudulent Transfer Act (the "fraudulent transfer
count") and a claim against the Individual Defendants for breach
of fiduciary duty.

In each of its complaints, WMH asserted that this court has
diversity jurisdiction over the subject matter pursuant to 28
U.S.C. § 1332(a)(2) and (3).  After WMH filed its second amended
complaint, defendants moved to dismiss for lack of subject matter
jurisdiction under Rule 12(b)(1) because the addition of Leap HK
destroyed diversity jurisdiction.[1]  As defendants correctly
pointed out, "the presence of foreign parties on both sides of an
action destroys diversity if there is not a citizen of the United
States on each side of the action . . . ."  <u>Zenith Elec. Corp. v.
Kimball Int'l Mfg., Inc.</u>, 114 F. Supp. 2d 764, 773 (N.D. Ill.

---

[1]/  Leap HK and Leap Illinois filed their motion to dismiss pursuant to
Rule 12(b)(1), which IIT and the Individual Defendants adopted.

2000). In other words, where a foreign corporation (WMH) sues another foreign corporation (Leap HK) as well as domestic defendants (Leap Illinois and the Individual Defendants), there is no diversity jurisdiction because "the statute creating the diversity jurisdiction does not contemplate the alignment of alien versus citizen plus alien." Israeli Aircraft Indus. Ltd. v. Sanwa Bus. Credit Corp., 16 F.3d 198, 202 (7th Cir. 1994); Karazanos v. Madison Two Assoc., 147 F.3d 624, 627 (7th Cir. 1998) (diversity jurisdiction lacking where "'one side of the litigation had only foreign parties and the other had a mixture of foreign and domestic parties,' because such a case does not fit within any of the [diversity] statute's jurisdictional pigeonholes").

Although WMH initially resisted the defendants' motion to dismiss on the merits, it eventually conceded that defendants were correct. At the January 4, 2006 hearing regarding the 12(b)(1) motion to dismiss, WMH informed the court that it intended to render the subject-matter-jurisdiction problem moot by voluntarily dismissing Leap HK and Leap Illinois (collectively "the Leap Entities") pursuant to Rule 41 of the Federal Rules of Civil Procedure. Defendants objected, arguing that voluntary dismissal was not an option because the Leap Entities were necessary and indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. As a result, we ordered the parties to

submit supplemental briefs addressing whether WMH had the right
to voluntarily dismiss the Leap Entities under Rule 41.

After submitting several additional briefs, the parties
finally have clarified the issues and solidified their respective
positions.  WMH originally submitted a sur-reply brief in which
it explained that a plaintiff has an absolute right to
voluntarily dismiss a defendant under Rule 41 as long as that
defendant has not yet filed an answer or a motion for summary
judgment.  E.g., Madsen v. Park City, 6 F. Supp. 2d 938, 943
(N.D. Ill. 1998).  That point of law is not disputed, however.
Rather, the pertinent issue is whether the Leap Entities are
necessary and indispensable parties to the litigation under Rule
19 of the Federal Rules of Civil Procedure, thus making voluntary
dismissal of those defendants inappropriate.  See, e.g., Brown v.
Tex. & Pac. R.R. Co., 392 F. Supp. 1120, 1123 (W.D. La. 1975) ("A
federal district court has the power to preserve and perfect its
diversity jurisdiction over a case by dropping a nondiverse party
providing the nondiverse party *is not an indispensable party*
whose presence is required under Rule 19[.]") (emphasis added).
According to defendants, the Leap Entities cannot be voluntarily
dismissed because they are necessary and indispensable parties to
the fraudulent transfer count, which alleges that the Individual
Defendants as transferors made fraudulent monetary transfers to
the Leap Entities as transferees.  See e.g., Nastro v.
D'Onofrio, 263 F. Supp. 2d 446, 450 (D. Conn. 2003) (because

action to set aside fraudulent transfer necessarily affects transferee's interest in the property received, transferee is necessary party); <u>In re King & Assoc.</u>, 295 B.R. 246, 293 (Bankr. N.D. Ill. 2003) ("Courts have held that the transferor and the transferee are deemed to be necessary parties to a fraudulent transfer suit."). In response to that argument, WMH stated that it intended to dismiss the fraudulent transfer count in its entirety, not just against the Leap Entities,[2] and thus moved for leave to file its third amended complaint to omit that count.

Accordingly, the dispositive question is whether the Leap Entities will be necessary and indispensable parties to the litigation if the fraudulent transfer claim is dismissed. We turn to that issue now.

## DISCUSSION

As explained above, it is undisputed that if Leap HK remains a defendant in this case, the court will lack diversity jurisdiction over the subject matter and must dismiss the case. See <u>Karazanos</u>, 147 F.3d at 627; <u>Israeli Aircraft</u>, 16 F.3d at 202.

---

[2] According to WMH, it made it clear at the January 4, 2006 hearing that it was dismissing the fraudulent transfer claim in its entirety. WMH thus suggests that the defendants misunderstood the issues that were supposed to be briefed. We cannot agree. The transcript of the January 4, 2006 hearing reflects that WMH stated that it would dismiss the fraudulent transfer claim against the Leap Entities in its entirety. (1.4.06 Tr. at 3:12-19.) WMH did not state any intention to dismiss the fraudulent transfer claim as it pertained to the Individual Defendants, however. In fact, the transcript reveals that WMH did not realize that it had named the Individual Defendants as defendants to the fraudulent transfer claim, (<u>id.</u>), although clearly it had, (Sec. Am. Compl., Count III). Any resulting misunderstanding or confusion was caused by WMH, not defendants.

WMH hopes to moot the jurisdictional flaw by voluntarily dismissing both of the Leap Entities and filing its third amended complaint that eliminates the fraudulent transfer count in its entirety.  Defendants, however, contend that the Leap Entities cannot be voluntarily dismissed because they are indispensable parties even under the proposed third amended complaint. Defendants make two arguments in support of their position, neither of which is persuasive.

First, defendants argue that even if the fraudulent transfer *count* is omitted from the proposed third amended complaint*,* the *allegations* regarding fraudulent transfers remain, so the recipients of those allegedly fraudulent transfers — the Leap Entities — remain indispensable parties under Rule 19.  We cannot agree.  Under Rule 19, if a party is a necessary party under Rule 19(a) who should, but cannot, be joined because joinder would destroy jurisdiction, the court must assess under Rule 19(b) whether in equity and good conscience the litigation can proceed at all in the party's absence.  See Thomas v. United States, 189 F.3d 662, 667 (7th Cir. 1999) (setting forth two-step analysis under Rule 19).  "If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal . . . ." Id.  But the court considers whether a party

is indispensable under Rule 19(b) only if it first determines
that the party is necessary under Rule 19(a).  Id.; Wright,
Miller & Kane, 7 Fed. Practice and Procedure: Civil 3d, § 1604 at
440-441.  Here, because we hold that the Leap Entities are not
necessary parties, we need not reach defendants' contention that
they are indispensable.

A party is necessary if its joinder is required in order to
(1) render complete relief among those already parties to the
litigation, (2) prevent impairment of the absent party's ability
to protect its interest in the subject matter of the litigation,
or (3) protect any of the existing parties to the litigation from
a substantial risk of incurring multiple or inconsistent
obligations.  Thomas, 189 F.3d at 667 (citing Fed. R. Civ. P.
19(a)).  Defendants argue that because the Leap Entities, as
recipients of allegedly fraudulent transfers, would be necessary
parties to a fraudulent transfer claim, e.g., Nastro, 263 F.
Supp. 2d at 450; In re King & Assoc., 295 B.R. at 293, they are
likewise necessary parties to the breach-of-fiduciary-duty claim
against the Individual Defendants because that claim is premised
on fraudulent transfers.  But defendants offer no legal support
for that conclusion.  A fraudulent transfer claim is an action to
set aside, or void, a transfer of assets.  See e.g., Nastro, 263
F. Supp. 2d at 450; 740 ILCS 160/8(a)(1).  Because the challenged
transfer may be voided if the claim is successful, the outcome of

the claim "necessarily impacts the transferee's interest in the
property the transferee received." <u>Nastro</u>, 263 F. Supp. 2d at
450. Accordingly, the transferee is a necessary party. <u>Id.</u> In
other words, because the Leap Entities could be ordered to return
the transferred assets if WMH were to prevail on a fraudulent
transfer claim, the Leap Entities have a right to be heard before
such an order is entered. <u>See</u> <u>id.</u> In contrast, as both sides
agree, the Leap Entities face no liability for breach of
fiduciary duty because they were not fiduciaries of WMH. Even if
WMH prevails on its breach-of-fiduciary-duty claim, the judgment
would affect only the Individual Defendants — the Leap Entities
would have no legal obligation to return the assets they received
from the Individual Defendants. So it is not necessary to join
the Leap Entities in order for WMH to obtain complete relief.
<u>See</u> Fed. R. Civ. P. 19(a). Likewise, the Leap Entities need not
join the litigation in order to protect their interest in the
assets they received from the Individual Defendants because their
interest will not be affected by the outcome of the breach-of-
fiduciary-duty claim. <u>See</u> <u>id.</u> Moreover, there is no plausible
argument that the Individual Defendants will face a substantial
risk of multiple or inconsistent obligations if the Leap Entities
are not joined. <u>See</u> <u>id.</u> The fact that the breach-of-fiduciary-
duty claim is premised on allegedly fraudulent transfers to the
Leap Entities does not make them necessary parties.

Defendants' second argument is that the proposed third amended complaint triggers possible third-party claims against the Leap Entities which make Leap Illinois (but not Leap HK) an indispensable party.  Specifically, based on WMH's allegations that the Leap Entities received large sums of IIT's money without giving IIT any benefit or consideration, defendants contend that IIT may have a third-party claim against the Leap Entities for unjust enrichment.  Additionally, the Individual Defendants maintain that if they are liable for breach of fiduciary duty, they may have a third-party claim against the Leap Entities under theories of implied indemnity or contribution.  According to defendants, however, neither IIT nor the Individual Defendants could bring such third-party claims against Leap Illinois in this litigation, because IIT, the Individual Defendants and Leap Illinois are all Illinois citizens and diversity jurisdiction over third-party claims against Leap Illinois therefore would be lacking.  See Guigliano v. Danbury Hosp., 396 F. Supp. 2d 220, 224 (D. Conn. 2005)(citing Caterpillar, Inc. v Lewis, 519 U.S. 61, 66-67 n. 1 (1996)) ("Diversity jurisdiction over a third-party claim depends on the citizenship of the third-party plaintiff and defendant only.")  Defendants thus argue that Leap Illinois is an indispensable party who cannot be joined, so the case must be dismissed.  This argument is fundamentally flawed, however.

For one thing, the possibility of a claim against a third-party does not render the third-party a necessary, let alone indispensable, party under Rule 19. For example, although the Individual Defendants contend that they may have a third-party claim against the Leap Entities for implied indemnity, "potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible." Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 503 (7th Cir. 1980). Further, although defendants argue that it would be unfair and prejudicial to require them to litigate their third-party claims in a separate state court action, the possibility of subsequent litigation for indemnity or contribution "was not an eventuality that Rule 19 was designed to avoid." Id. at 505. Nor does the possibility of a third-party claim for unjust enrichment by IIT against Leap Illinois make Leap Illinois a necessary party under Rule 19(a). Under the Rule 19(a) analysis, when the court considers whether "complete relief" can be accorded without joining the absent party, "[t]he term complete relief refers only 'to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" Perrian v. O'Grady, 958 F.2d 192, 196 (7th Cir. 1992). Yet defendants fail to explain how IIT's ability to bring a third-party claim against Leap Illinois could have any effect on the court's ability to render complete relief between

WMH and defendants.  And in any event, it is unlikely that separate litigation would be necessary for the third-party claims defendants have identified.  Even if the court would lack diversity jurisdiction over third-party claims against Leap Illinois, it seems evident that we may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over those third-party claims as claims arising from the same "common nucleus of operative fact" as the claims in the original action.[3]  U.S. Liab. Ins. Co. v. Fassbinder United Builders, Inc., No. 99 C 50330, 2002 WL 1359428, at *1 (N.D. Ill. June 20, 2002) (where third-party claims arise from "a common nucleus of operative fact," court may exercise supplemental jurisdiction under § 1367).

Accordingly, as long as the fraudulent transfer claim is voluntarily dismissed and only the breach-of-fiduciary-duty claim remains against the Individual Defendants, the Leap Entities are not necessary parties under Rule 19(a).  We therefore conclude that WMH has the right to voluntarily dismiss the Leap Entities and the fraudulent transfer count under Rule 41.  WMH is given leave to file its third amended complaint, dropping those defendants and the fraudulent transfer count.  As a result, defendants' motion to dismiss for lack of subject matter jurisdiction is moot.

---

[3] Neither side raised the issue of supplemental jurisdiction.

## __CONCLUSION__

For the reasons explained above, plaintiff's motion for leave to file its third amended complaint is granted and defendants' motion to dismiss for lack of subject matter jurisdiction is denied as moot.


DATED:              May 24, 2006




ENTER:              _____
                    John F. Grady, United States District Judge